# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL JOHN KRIEGISCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 3:19-CV-01068** |
| v. ) | **Judge Crenshaw / Frensley** |
| ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's "Motion for Judgement Based Upon the Administrative Record." Docket No. 15. Plaintiff has filed an accompanying Memorandum. Docket No. 16. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 20.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgement Based Upon the Administrative Record be DENIED and that the decision of the Commissioner be AFFIRMED.

1

## I.  INTRODUCTION

Plaintiff filed his application for Disability Insurance Benefits ("DIB") on January 20, 2017, (TR 15), alleging that he had been disabled since January 1, 2016, due to left total knee replacement, lower back pain, hip area pain, right knee surgery, left knee surgery, and right shoulder surgery.  TR 49-50.  Plaintiff's application was denied both initially (TR 57) and upon reconsideration (TR 70).  Plaintiff subsequently requested (TR 81) and received (TR 24-48) a hearing.  Plaintiff's hearing was conducted on June 14, 2018, by Administrative Law Judge ("ALJ") Robert Martin.  TR 24.  Plaintiff and vocational expert ("VE"), Melissa Neal, appeared and testified.  TR 12-19.

On September 18, 2018, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations.  TR 12-14.  Specifically, the ALJ made the following findings of fact:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2019.
>
> 2. The claimant has engaged in substantial gainful activity since prior to the alleged onset date and has continued to do so through the date of this decision (20 CFR 404.1520(b) and 404.1571 *et seq.*)
>
> 3. There has been no continuous 12-month period during which the claimant has not engaged in substantial gainful activity.
>
> 4. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2016, through the date of this decision (20 CFR 404.1520(b)).

TR 17-18.

On November 19, 2018, Plaintiff timely filed a request for review of the hearing decision. TR 128. On September 23, 2019, the Appeals Council issued a letter declining to review the case (TR 1-3), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *See* 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Id.* "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original), *quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir.

1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co.*, 305 U.S. at 229; *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F. 2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F. 3d at 389, *citing Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997).

If the Commissioner did not consider the record as a whole; however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F. 2d 517, 519 (6th Cir. 1985), *citing Allen v. Califano,* 613 F. 2d 139, 145 (6th Cir. 1980). Moreover, an ALJ's decision lacks the support of substantial evidence if the ALJ fails to follow agency rules and regulations, "even where the conclusion of the ALJ may be justified based upon the record." *Miller v. Comm'r of Soc. Sec.*, 811 F. 3d 825, 833 (6th Cir. 2016), *citing Gentry v. Comm'r of Soc. Sec.*, 741 F. 3d 708, 722 (6th Cir. 2014) (internal citations omitted); *Cole v. Astrue*, 661 F. 3d 931, 937 (6th Cir. 2011); *Wilson v. Comm'r of Soc. Sec.*, 378 F. 3d 541, 544 (6th Cir. 2004); *accord Goppert v. Berryhill*, No. 3:16-cv-02739, 2018 WL 513435, at *4 (M.D. Tenn. Jan. 23, 2018) (Report and Recommendation adopted Mar. 1, 2018, 2018 WL 138533).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnoses and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F. 2d 361, 374 (6th Cir. 1965).

## B. Proceedings at The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process summarized as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent.[1] If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a prima facie case of disability.

---

[1] The Listing of Impairments is found at 20 CFR § 404, Subpt. P, App. 1.

> (5) The burden then shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*See, e.g.* 20 CFR §§ 404.1520, 416.920. *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. *Moon*, 923 F. 2d at 1181; 20 CFR § 404, Subpt. P, App. 2, Rule 200.00(e)(1), (2). *See also Damron v. Sec'y of Health & Human Servs.*, 778 F. 2d 279, 281-82 (6th Cir. 1985). Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Sec'y of Health & Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments: mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C.§ 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that:

> the Administrative Law Judge erred in finding that the "work performed by the Plaintiff constitutes substantial gainful activity under test three of 20 CFR 404.1575(a)(2) as the work was clearly worth more than the amounts shown on the Earnings Guidelines."

Docket No. 16, p. 4. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, and a judgment of disability entered. Docket No. 15.

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F. 2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934-35 (6th Cir. 2018), *citing Faucher v. Sec'y of Health & Human Servs.*, 17 F. 3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F. 3d 316, 318 (6th Cir. 1994).

**1. Substantial Gainful Activity**

Plaintiff argues that the ALJ did not gather sufficient data or evidence from which to properly analyze whether Plaintiff engaged in substantial gainful activity. Docket No. 16, p. 4. Plaintiff asserts that the ALJ did not consider any evidence whatsoever in determining that the value of Plaintiff's activities were sufficient to be considered substantial gainful activity under

20 C.F.R. 404.1575. *Id.* p. 5. Defendant responds that the ALJ's determination that Plaintiff engaged in substantial gainful activity was adequately supported by Plaintiff's testimony and records in the administrative transcript. Docket No. 20, p. 3.

A claimant found to be engaged in substantial gainful activity is not considered disabled, regardless of medical condition, age, education, or work experience. *See* 20 C.F.R. § 404.1520(b). Since the ALJ found that Plaintiff was engaged in substantial gainful activity, the sole issue presented to the Court is whether the ALJ's determination that Plaintiff engaged in substantial gainful activity is supported by substantial evidence.

"Substantial gainful activity" is "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. Substantial work activity is work activity that involves doing "significant physical or mental activities." 20 C.F.R. § 404.1572(a). Work may be substantial even if done on a part-time basis or "if you do less, get paid less, or have less responsibility than when you worked before." *Id.* "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §404.1572(b). The regulations provide specific guidelines for the evaluation of self-employed individuals such as Plaintiff. *See* 20 C.F.R. §404.1575(a)(2). Specifically, the Commissioner determines whether a self-employed claimant has engaged in substantial gainful activity by applying three tests:

> (i) Test one: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business.
>
> . . .
>
> (ii) Test two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or

> > similar businesses as their means of livelihood.
>
> > (iii) Test three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404. 1575(a)(2).

If a claimant has not engaged in substantial gainful activity under Test One, then the Commissioner must consider whether he or she has engaged in substantial gainful activity under Tests Two and Three. *Id*. Here, the ALJ found Test Three to be the most applicable to this case and evaluated the evidence using that test. TR 18. As stated above, Test Three requires the Commissioner to consider whether the claimant's work activity is "clearly worth the amount shown in 20 C.F.R. § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work that the claimant is doing." 20 C.F.R. § 404.1575(a)(2)(iii). 20 C.F.R. § 404.1574(b)(2) sets forth the earning guidelines to determine substantial gainful activity. To qualify as substantial gainful activity for the calendar year 2001 and each year after, the monthly earning must have averaged more than the greater of either $700, or an amount adjusted for wage growth. *Id.*

Under a Test Three analysis, "While the Plaintiff bears the burden of establishing that he was not engaging in SGA [substantial gainful activity]…the ALJ must base his findings on the correct legal standards and the procedure mandated by the regulations and ruling promulgated by the Commissioner." *Young v. Colvin*, No. 3:12-CV-272, 2013 WL 4591574, at *7, (E.D. Tenn. Aug. 28, 2013) (quotation marks omitted); *see Streich v. Saul*, No. 19-66, 2020 WL 409774, at *2, (W.D. Pa. Jan. 24, 2020). Courts have required that a Test Three finding rest on fairly

specific evidence. *See Streich*, 2020 WL 409774, at *3. The ALJ's finding of the value of services provided by the plaintiff need not be supported by direct evidence, but "there must be evidence from which the value of those services can be properly inferred and an inference of the value cannot be based on speculation, guess, or imagination." *Fahey v. Colvin*, No. 3:13-CV-02175, 2014 WL 6473210, at *9 (M.D. Pa. Nov. 18, 2014). Furthermore, "it is essential under all three tests that the evidence show not only what the individual's activities have been since the alleged date of disability onset, but also how such activities compare with those he or she performed before that date." *Gewecke v. Astrue*, No. 4:09-CV-3137, 2010 WL 2545560, at *4, (D. Neb. June 18, 2010), *quoting* SSR 83-84, 1983 WL 31256, *2 (internal quotation marks omitted).

An ALJ may rely on the testimony of a plaintiff during a hearing in order to properly infer the value of the services provided. *See Alford v. Colvin,* 4:15-CV-00039-HBB, 2015 WL 5684150, *3-4 (W.D. Ky. Sept. 28, 2015); *Kenney v. Commr. of Soc. Sec*., 3:09-CV-2440, 2010 WL 5441628 (N.D. Ohio Dec. 10, 2010), report and recommendation adopted, 3:09 CV 2440, 2010 WL 5441996, at *8 (N.D. Ohio Dec. 28, 2010). In *Alford*, the plaintiff's testimony that he would have paid $30,000 a year to an employee to do the work he had done during the time he was claiming to be disabled was sufficient evidence to establish substantial gainful activity. *Alford,* 2015 WL 5684150 at *4. In *Kenney,* because the claimant testified that his services were worth an amount over that which creates a presumption of substantial gainful activity, the ALJ's finding that the plaintiff was engaged in substantial gainful activity was supported by substantial evidence. *Kenney,* WL 5441628, at *8-9. The facts of a given case control whether an ALJ must obtain evidence from outside the record or can rely on the claimant's testimony and other evidence of record in determining the worth of a claimant's services. *See Alford*, 2015 WL

5684150 at *5, *citing Froncheck v. Astrue*, 392 F. App'x 484, 487 (7th Cir. 2010). "[W]here the value of the claimant's work clearly exceeds the threshold amounts in the earnings guidelines, the ALJ need not obtain additional evidence." *Froncheck*, 392 F. App'x at 487.

In this instance, the ALJ relied on Plaintiff's testimony concerning Plaintiff's full-time work schedule, description of work duties, and income to determine whether the work activities were clearly worth the amount shown in the Earning Guidelines, pursuant to 20 C.F.R. § 404.1574(b)(2). TR 18. Unlike *Alford* and *Kenney*, Plaintiff did not testify directly to the value of his services. *See Alford*, WL 5684150 at *3-4; *Kenney,* WL 5441628 at *8-9. However, Plaintiff did testify that prior to his alleged onset date, from a period of 2012 to 2014, his income from his business was around $40,000 per year. TR 32. This is supported by earning statements. TR 137-38. Plaintiff also testified that during this time, his business was arranged as an LLC, and he and his wife each owned a 50% stake in the business. TR 41-42. Since the alleged onset date, the business incorporated, and Plaintiff was left with only a 1% stake. TR 41, 137-138. According to Plaintiff, his wife had been able to "keep up the pace" with respect to her income from the business (TR 47), which the ALJ took to mean that the couple's income from the business was essentially the same since the alleged onset date. TR 18. Since the alleged onset date, Plaintiff maintained a routine work schedule at the business and contributed to its daily management by answering emails, taking attendance, and determining costs. TR 31-32. Plaintiff testified to being at the karate studio for "about 45 hours" a week. TR 31. However, Plaintiff is off task throughout the day, taking time to prop up his legs or nap (TR 35-36), as well as taking periodic ten-minute walks (TR 38).

Plaintiff's testimony regarding his work schedule (TR 31) and his wife maintaining the pace of their income (TR 47), combined with the past earnings statements (TR 137-38), is

substantial evidence of substantial gainful activity and therefore the ALJ's determination is adequately supported. *See Alford*, WL 5684150 at *3-4; *Kenney*, WL 5441628 at *8-9. While Plaintiff did not testify to the exact value of his services, the hours he worked and the type of work he testified to performing allowed the ALJ to properly infer the value of his services, and the inference was not based on "speculation, guess, or imagination." *Fahey*, 2014 WL 6473210 at *9. Plaintiff's testimony properly served as a basis for the ALJ's determination that Plaintiff's services were worth an amount over that which creates a presumption of substantial gainful activity because the testimony supports the ALJ's determination that Plaintiff functioned as the "operator" of the studio. *See Kenney*, WL 5441628 at *8-9; TR 18. It was not necessary for the ALJ to obtain additional evidence outside the record because the ALJ was able to determine that the value of Plaintiff's services "clearly exceeds" the threshold amount in the earnings guidelines based on Plaintiff's testimony. *See Froncheck*, 392 F. App'x at 487. For these reasons, the ALJ's determination that Plaintiff was engaged in substantial gainful activity is supported by substantial evidence.

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgement Based Upon the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report

and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                                  **JEFFERY S. FRENSLEY**
                                                                                  **United States Magistrate Judge**